John A. Coppede, Esq. (5-2485)
O'Kelley H. Pearson (6-4232)
Quinton L. Parham (7-5699)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY  82003-0467
Ph: (307) 634-1525
Fx: (307) 638-7335
jcoppede@hickeyevans.com
kpearson@hickeyevans.com
qparham@hickeyevans.com
Joel M. Vincent, Esq. (5-1724)
HICKEY & EVANS, LLP
1900 West Sunset Dr., Ste. B
Riverton, WY  82501
Ph: (307)-856-1965
joelvincen@wyoming.com
*Attorney for Defendants*
*Liberty Mutual Insurance Company and*
*Peerless Indemnity Insurance Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CLAYTON E. MCCARTY and CHERYL MCCARTY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action 15-CV-210-KHR |
| LIBERTY MUTUAL INSURANCE COMPANY and PEERLESS INDEMNITY INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFFS' ALLEGED BAD FAITH DAMAGES

**COME NOW** the Defendants Liberty Mutual Insurance Company and Peerless

Indemnity Insurance Company ("Defendants") by and through their attorneys, Hickey & Evans,

LLP, and hereby respectfully submit their motion in limine prohibiting Plaintiffs from attempting to introduce evidence, elicit testimony, or make objections or arguments based upon mention of or reference to any alleged damages resulting from Defendants' alleged bad faith in this case. In support, hereof, the Defendants respectfully state:

## INTRODUCTION

Plaintiffs should be prohibited from introducing any evidence relating to their alleged bad faith damages. As an initial matter, Plaintiffs have not established that they have suffered any damages as a result of Defendants' alleged bad faith in this case because they have made no showing of any damages resulting from Defendants' alleged bad faith, which is required for an individual to claim bad faith damages.

Additionally, even presuming that Plaintiffs have bad faith damages, they should be prevented from introducing evidence of such damages at trial because they have failed to provide a computation of such damages, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). For these reasons, Defendants respectfully request the Court enter its Order in Limine preventing Plaintiffs from introducing evidence or exhibits, eliciting testimony, or making objections or arguments based upon mention of or reference to any alleged damages resulting from Defendants' alleged bad faith in this case.

## ARGUMENT

### I.      Plaintiffs Should Not Be Permitted to Introduce Evidence of Their Alleged Bad Faith Damages.

Plaintiffs have not established that they have suffered any damages as a result of Defendants' alleged bad faith in this case. As such, they should be prohibited from introducing any evidence of any alleged damages resulting from the alleged bad faith of Defendants.

In order to bring a claim for bad faith under Wyoming law, "the plaintiff must have suffered damages." *Morgan v. Guaranty Nat'l Ins. Co.*, 1999 U.S. Dist. LEXIS 1714, *29 (D. Wyo. Feb. 9, 1999) (*citing Farmers Ins. Exchange v. Shirley*, 958 P.2d 1040, 1046 (Wyo. 1998)). Likewise, the Court has held that "the scope of available compensatory damages for a breach of the duty of good faith and fair dealing includes damages for harm to pecuniary interests and emotional distress." *State Farm Mutual Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 833 (Wyo. 1994).

"There is a limitation, however, upon the recovery of damages for emotional distress for a breach of this duty" which was "imposed to prevent fictitious claims for emotional distress and preserve judicial resources." *Id.* at 833-34 (citations omitted). Thus, according to the *Shrader* court, in order to recover damages for emotional distress:

> the insured must allege that as a result of the breach of the duty of good faith and fair dealing, the insured has suffered substantial other damages, such as economic loss, in addition to the emotional distress…[t]he economic losses may include loss of earnings, inability to pay creditors, loss of business, costs of litigation brought against the insured as a result of the breach and medical expenses.

*Id.* at 833-34. Plaintiffs have never established the existence of such required damages.

During his deposition, Mr. McCarty admitted that he did not have any financial losses resulting from anything that Defendants did or did not do in this case. *See* Deposition of Clayton McCarty, attached as Exhibit B to Peerless' Motion for Partial Summary Judgment, at 121:2-7. Notably, Plaintiffs have never claimed that they have suffered any pecuniary harms as a result of Defendants' alleged bad faith. Rather, they have argued that they are entitled to recover emotional distress damages resulting from Defendants' alleged bad faith. However, Plaintiffs have not suffered the substantial other damages required by *Shrader* that are necessary to support a recovery for emotional distress.

3

With regard to loss of earnings, Mr. McCarty confirmed that he does not have any loss of earnings related to anything that Defendants did during the claims handling process. *See* Ex. B to Peerless' Motion at 119:4-16. Ms. McCarty was forced to take time off work following the accident to care for Mr. McCarty; however, the resultant loss of earnings were caused by the February 8, 2012, accident *not* by anything Defendants did in the handling of the claim. *Id*. at 120:1-12.

Additionally, Mr. McCarty confirmed that Plaintiffs have not been denied any credit since the accident and that no creditors have threatened to turn over any of their bills or to sue either Mr. or Mrs. McCarty since the accident. *Id*. at 110:1-111:4. Ms. McCarty confirmed that no creditors have threatened to sue her or turn over any of her bills since the accident. *See* Deposition of Cheryl McCarty, attached as Exhibit D to Peerless' Motion for Partial Summary Judgment, at 80:21 – 81:5. Additionally, Ms. McCarty confirmed that Plaintiffs have not suffered an inability to pay any creditors since the accident. *Id.* at 76:7 – 80:12.

Mr. McCarty also confirmed in his deposition that he does not have any past or future medical expenses because of anything that Peerless did or did not do in this case. *See* Ex. B to Peerless' Motion for Partial Summary Judgment at 118:4-111. However, in their Response in Opposition to Peerless' Motion for Partial Summary Judgment, Plaintiffs attempt to claim, for the first time, that Mr. McCarty does have medical expenses resulting from Defendants' alleged bad faith in this claim. By making this argument, Plaintiffs attempt to bootstrap their way to being able to claim bad faith damages.

In support of this argument, Plaintiffs allege that Defendants "have caused Mr. McCarty to suffer anxiety and stress for which he has incurred medical bills." *See* Plaintiffs' Opposition to Peerless' Motion [Doc. 147] at 27. This, however, is inadequate to support an emotional distress

claim in a bad faith action because the alleged emotional distress is unsupported by substantial other damages.

In support of their argument, Plaintiffs submit two treatment notes from Mr. McCarty's therapy sessions from High Country Behavioral Health. *See* Exhibit 33 to [Doc. 147]. While these treatment notes do contain brief references to the negotiations surrounding his UIM claim, Plaintiffs ask the Court to ignore the fact that Mr. McCarty was seeking treatment at High Country because of the February 8, 2012, accident, and not because of anything that Defendants did or did not do in this case.

In fact, the very treatment notes that Plaintiffs cite as supporting Mr. McCarty's claims of substantial other damages reinforce this notion. The April 9, 2015, treatment note includes references to a variety of stressors in Mr. McCarty's life, including stress from a family situation involving his mother in Florida, as well as the need to try EMDR and the need "to look into how to get past psychological blocking, which is an expectable issue in trauma work." *See* Ex. 33 to [Doc. 147] at 1. The February 2, 2015, treatment note begins by stating that:

> Mr. McCarty is returning after taking some time off from treatment. He is still experiencing the flashbacks of the crash where the man drove his pick-up into the truck he was driving. In addition to flashbacks he is very uptight, uneasy and fearful when he drives. The thicker the traffic and or longer the drive the more difficult it is for him. In addition, he is feeling depression over the medical issues brought on by the crash and also depressed over how many tests and appointments he has had to go to and how long and drawn out the whole legal thing has been. He says he feels useless because of not working a regular job. He tries to keep his life interesting with useful activities but there are things he can't do.

*Id*. at 2.

Despite submitting billing records indicating numerous therapy sessions during the years 2013-2015, these are the only two treatment notes that Plaintiffs have submitted to support their assertion that Mr. McCarty has incurred medical expenses because of Defendants' alleged bad

faith actions. *Id*. at 3-8 (billing documents from High Country). This is because Mr. McCarty was attending the therapy sessions at High Country because of the emotional distress caused by the February 8, 2012, accident and not because of anything that Defendants did or did not do in this case. Mr. McCarty confirmed this in his deposition by affirming that he does not have any past or future medical expenses caused by Defendants. *See* Ex. B to Peerless' Motion for Partial Summary Judgment at 118:4-11.

Plaintiffs should not be permitted to bootstrap their way to claiming bad faith damages by submitting treatment records that reference the claims handling process because Plaintiffs are aware, as Mr. McCarty himself admits, that he does not have any medical expenses relating to Defendants' alleged bad faith. Rather, Mr. McCarty's treatment sessions with High Country and the expenses associated with those treatment sessions were caused by the February 8, 2012, accident and not be anything Defendants did or did not do in this case. Thus, Plaintiffs have not suffered any medical expenses that would support a claim for substantial other damages.

Finally, Plaintiffs argue in their Opposition to Peerless' Motion for Summary Judgment that they have substantial other damages necessary to support emotional distress damages resulting from Defendants' alleged bad faith because they are indebted to their attorneys for $93,000 in costs. *See* Doc. 147 at 27-28. *Shrader* only permits litigation costs to form the basis of substantial other damages if those costs were from "litigation brought **against** the insured as a result of the breach…." *Shrader* 882 P.2d at 833-834 (emphasis added). As stated, the purpose of the substantial other damages is to "prevent fictitious claims for emotional distress and preserve judicial resources." *Id*. Permitting Plaintiffs to simply file a lawsuit and claim their own litigation costs as substantial other damages would circumvent the purpose of the substantial other damages requirement and result in an increase in fictitious claims.

Plaintiffs have failed to established that they have suffered substantial other damages, which are a prerequisite to a recovery for emotional distress damages resulting from alleged bad faith. Plaintiffs have made no showing that they have suffered any damages as a result of Defendants' alleged bad faith in this case. Therefore, Plaintiffs should not be entitled to introduce evidence, elicit testimony, or make objections or arguments based upon mention of or reference to their alleged damages resulting from Defendants' alleged bad faith in this case.

## II.      Plaintiffs Should Not Be Permitted to Introduce Any Evidence of Bad Faith Damages Because They Have Failed to Provide a Computation of Such Damages.

Plaintiffs have not submitted a computation of their bad faith damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). As a result, the Court should prohibit Plaintiffs from introducing any evidence of bad faith damages.

Fed. R. Civ. P. 26 requires that parties seeking damages submit computations for each category of damages as part of their initial disclosures. Specifically, the Rule requires that "a party must, without awaiting a discovery request, provide to the other parties:

> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including material bearing on the nature and extent of injuries suffered."

Fed R. Civ. P. 26(a)(1)(A)(iii). "The purpose of Rule 26 is to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" *McKinney v. Reassure Am. Life Ins. Co.*, 2006 U.S. Dist. LEXIS 83714, *3 (E.D. Okla. Nov. 2, 2006) (*quoting Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004).

"Fed. R. Civ. P. 26 puts the burden upon plaintiffs to compute damages; defendants are not required to compute damages." *See Breen v. Black*, 2016 U.S. Dist. LEXIS 110891, *9 (D. Wyo. July 5, 2016); *see also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593

(D. Nev. 2011). Additionally, "due process requires a plaintiff to specify <u>how much</u> they are requesting in damages." *McKinney*, 2006 U.S. Dist. LEXIS 83714 at *5. "Requiring the defendants to proceed to trial without an understanding of what damages the plaintiffs are seeking, what evidence supports those damages, or how those damages were calculated is trial by ambush." *Silver State Broadcasting, LLC v. Beasley FM Acquisition*, 2016 U.S. Dist. LEXIS 8904, *13 (D. Nev. Jan. 25, 2016). "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period." *Jackson*, 278 F.R.D. at 593.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The purpose of this exclusionary rule is to prevent "surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). The burden is on the nondisclosing party to show harmlessness or justification. *Id.*

Here, Plaintiffs have never provided a computation of their bad faith damages in this case. In the "Computation of Damages (Rule 26(A)(1)C)) [sic]" section of their initial disclosures, Plaintiffs state, "[t]he Plaintiff's medical expenses and other economic damages arising out of defendant's negligence are still being compiled, computed and sorted. To date, records reflect the following medical expenses only."[1] *See* Plaintiffs' April 18th Rule 26 Self-

---

[1] It is unclear to what "negligence" Plaintiffs are referring. However, it is certain that such a discussion does not relate to bad faith damages because bad faith is an intentional tort. In any

Executing Routine Disclosures, attached hereto as Exhibit A, at 6. Plaintiffs have never supplemented their initial disclosures to include a computation of any category of damages aside from the medical bills disclosed in their April 18th Rule 26 Self-Executing Routine Disclosures. It should also be noted that Plaintiffs' counsel failed to sign the initial disclosures, resulting in an improper disclosure. *See* Ex. A; Fed. R. Civ. P. 11(a).

In fact, Defendants were unaware of Plaintiffs' claims of substantial other losses discussed above until they read Plaintiffs' Opposition to Peerless' Motion for Partial Summary Judgment. Allowing introduction of this evidence, which, as stated above, should be prohibited for other reasons, as well as any additional evidence unknown to Defendants' at this time concerning Plaintiffs' alleged bad faith damages would permit trial by ambush. *Silver State*, 2016 U.S. Dist. LEXIS 8904, *13. "Counsel who make the mistake of treating Rule 26(a)(1) disclosures as a technical formality, rather than as an efficient start to relevant discovery, do their clients no service and necessarily risk the imposition of sanctions" such as a prohibition of evidence under Rule 37. *Sender*, 225 F.R.D. at 650.

Defendants are cognizant of the fact that district courts have "frequently denied motions to compel computations of emotional distress" because they are "difficult to quantify." *Breen*, 2016 U.S. Dist. LEXIS 110891, *15 (*quoting Anderson v. United Parcel Service*, 2010 U.S. Dist. LEXIS 123878, *10 (D. Kan. Nov. 22, 2010)). However, "[t]ypically, even in the case of claims that are difficult to quantify, the plaintiff provides the defense at the very minimum an estimation of what unquantifiable damages they will be seeking and a computation of the quantifiable

---

event, it is clear that those medical bills disclosed in Plaintiffs' initial disclosure were incurred because of the accident with Thayne Adams.

damages." *Breen*, 2016 U.S. Dist. LEXIS 110891 at *2. Plaintiffs' initial disclosures do not even mention bad faith damages.

Regardless, as discussed above, Wyoming law places a limitation on a plaintiff's ability to recover emotional distress damages resulting from a breach of the covenant of good faith and fair dealing in order to "prevent fictitious claims for emotional distress and preserve judicial resources." *Shrader*, 882 P.2d at 833-34. Thus, in order to claim emotional distress damages resulting from alleged bad faith, Plaintiffs must show that they have suffered one of the five (5) categories of substantial other losses discussed in *Shrader*. *Id*. These are tangible categories of damages that can be directly quantified, removing the perceived "difficulty" of quantifying emotional distress damages discussed in *Breen*.

Thus, Plaintiffs cannot argue that they failed to provide a computation of emotional distress damages because such damages are difficult to quantify. Certainly, Plaintiffs could quantify and provide a computation of loss of earnings, inability to pay creditors, loss of business, costs of litigation brought against the insured as a result of the breach and medical expenses in support of their bad faith damages claim if they had suffered such damages. However, Plaintiffs have ambushed Defendants by introducing medical expenses allegedly resulting from Defendants' bad faith for the first time in their opposition to Peerless' Motion for Partial Summary Judgment.

Plaintiffs' attempted use of these billing records and treatment notes, which reflect therapy sessions that occurred over one year prior to Plaintiffs' initial disclosures coming due, to support a computation of bad faith damages constitutes an ambush that runs afoul of Rule 26(a)(1)(A)(iii)'s requirements and Plaintiffs' duty to "diligently obtain the necessary

information and prepare and provide [their] damages computation within the discovery period." *Jackson*, 278 F.R.D. at 593.

"Allowing the plaintiffs to provide a computation now would likely require reopening discovery and setting a new briefing schedule on summary judgment motions related to damages…'[s]uch modifications to the court's and the parties' schedules support a finding that the failure to disclose was not harmless.'" *Silver State*, 2016 U.S. Dist. LEXIS 8904, *12 (*quoting Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008)); *see also Jackson*, 278 F.R.D. at 594 ("Courts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed."). Thus, the Court should exclude any evidence of Plaintiffs' alleged bad faith damages.

In any event, Plaintiff's therapy sessions were not due to Plaintiff suffering substantial other damages and, therefore, as a matter of law, cannot support a claim for emotional distress in a bad faith case.

## CONCLUSION

**WHEREFORE,** Defendants pray that this Court enter its Order in Limine prohibiting the Plaintiffs from attempting to introduce evidence, elicit testimony or make objections or arguments based upon mention of or reference to their alleged damages resulting from Defendants' alleged bad faith in this case, and for such other or further relief as the Court may deem appropriate in the premises.

Respectfully submitted this 17th day of January, 2017.

Liberty Mutual Insurance Company and
Peerless Indemnity Insurance Company

 _/s/  John A. Coppede_

John A. Coppede (#5-2485)
O'Kelley H. Pearson (#6-4232)
Quinton L. Parham (#7-5699)
HICKEY & EVANS, LLP
1800 Carey Avenue, Ste. 700
P.O. Box 467
Cheyenne, WY  82003
Ph:  (307) 634-1525
Fx:  (307) 638-7335
jcoppede@hickeyevans.com
kpearson@hickeyevans.com
qparham@hickeyevans.com
Joel M. Vincent, Esq. (5-1724)
HICKEY & EVANS, LLP
1900 West Sunset Dr., Ste. B
Riverton, WY  82501
Ph: (307)-856-1965
joelvincen@wyoming.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2017, I electronically filed **DEFENDANTS' MOTION IN LIMINE REGARDING PLAINTIFFS' ALLEGED BAD FAITH DAMAGES** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Scott J. Olheiser – scott@iolawpc.com
Robert T. Ingram
Ingram Olheiser
130 N. Ash St.; Suite 200
Casper, WY  82601

T. Thomas Metier  - tom@metierlaw.com
Michael Chaloupka – mike@metierlaw.com
Galen Trine-McMahan – galen@metierlaw.com
Phillip Chupik - phil@metierlaw.com
Metier Law Firm
4828 S. College Ave.
Fort Collins, CO  80525

_/s/  John A. Coppede_
John A. Coppede (#5-2485)
Hickey & Evans, LLP

12