John A. Coppede, Esq. (5-2485)
O'Kelley H. Pearson (6-4232)
Quinton L. Parham (7-5699)
HICKEY & EVANS, LLP
1800 Carey Ave, Ste 700
PO Box 467
Cheyenne, WY  82003-0467
Ph: (307) 634-1525
Fx: (307) 638-7335
jcoppede@hickeyevans.com
kpearson@hickeyevans.com
qparham@hickeyevans.com
Joel M. Vincent, Esq. (5-1724)
HICKEY & EVANS, LLP
1900 West Sunset Dr., Ste. B
Riverton, WY  82501
Ph: (307)-856-1965
joelvincen@wyoming.com
*Attorney for Defendants*
*Liberty Mutual Insurance Company and*
*Peerless Indemnity Insurance Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CLAYTON E. MCCARTY and CHERYL MCCARTY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action 15-CV-210-KHR |
| LIBERTY MUTUAL INSURANCE COMPANY and PEERLESS INDEMNITY INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE REGARDING DEFENDANTS' LITIGATION CONDUCT AS EVIDENCE OF BAD FAITH**

**COME NOW** the Defendants Liberty Mutual Insurance Company and Peerless Indemnity Insurance Company ("Defendants") by and through their attorneys, Hickey & Evans, LLP, and hereby respectfully submit their motion in limine prohibiting Plaintiffs from attempting to introduce evidence, elicit testimony or make objections or arguments based upon mention of or reference to Defendants' litigation conduct as a means to support Plaintiffs' bad faith claims. In support, hereof, the Defendants respectfully state:

## INTRODUCTION

It is anticipated that Plaintiffs' will attempt to reference Defendants' litigation conduct in this case as a way to support their bad faith claims. In fact, Plaintiffs have submitted a report from their bad faith expert William Freas, which alleges that Defendants' bad faith conduct has continued into the litigation in this case. Courts within the Tenth Circuit have soundly rejected attempts to use litigation conduct as evidence of bad faith. Therefore, the Court should enter its Order in Limine prohibiting the Plaintiffs from attempting to introduce evidence, elicit testimony, or make objections or arguments based upon mention of or reference to Defendants' litigation conduct in this case as a means of supporting their bad faith claims.

## ARGUMENT

**Plaintiffs Should be Prohibited from Introducing Evidence, Eliciting Testimony, or Making Objections and Arguments Based Upon Defendants' Litigation Conduct as a Means of Supporting Their Bad Faith Claims.**

Any attempt by Plaintiffs to introduce evidence or make arguments surrounding Defendants' litigation conduct as evidence of Defendants' alleged bad faith in this case will run contrary to Tenth Circuit law and should be prohibited because such evidence lacks probative value and carries a high risk of prejudice. Therefore, the Court should deny Plaintiffs' anticipated

attempts to introduce such evidence and make such references as a means of supporting their bad faith claims.

"Allowing litigation conduct to serve as evidence of bad faith would undermine an insurer's right to contest questionable claims and to defend itself against such claims." *Timberlake Contr. Co. v. United States Fidelity and Guaranty Co.*, 71 F.3d 335, 341 (10th Cir. 1995). In fact, the few courts that have considered the issue of whether litigation conduct can be used to support bad faith "have uniformly rejected this argument, concluding that the implied covenant of good faith and fair dealing has no application in this setting." *Int'l Surplus Lines Ins. Co. v. University of Wyo. Research Corp.*, 850 F. Supp. 1509, 1528 (D. Wyo. 1994) (*citing Palmer v. Farmers Ins. Exchange*, 861 P.2d 895, 914 (Mont. 1993); *FDIC v. Aetna Cas. & Sur. Co.*, 903 F.2d 1073, 1079-80 (6th Cir. 1990)).

As Judge Brimmer noted, "such an unwarranted imposition of liability might have a chilling effect on insurers, which could unfairly penalize them by inhibiting their attorneys from zealously and effectively representing their clients within the bounds permitted by law." *Int'l Surplus Lines*, 850 F. Supp. At 1529 (*citing Palmer*, 861 P.2d at 914). Moreover, the tort of bad faith "was never intended to be a panacea for all litigation-related problems." *Id*.

Therefore, according to the Tenth Circuit, "[i]n general, an insurer's litigation tactics and strategy in defending a claim are not relevant to the insurer's decision to deny coverage…[o]nce litigation has commenced, the actions taken in its defense are not…probative of whether [an insurer] in bad faith denied the contractual lawsuit." *Timberlake*, 71 F.3d at 340 (*quoting Palmer*, 861 P.2d at 915). As a result, they held that "while evidence of an insurer's litigation conduct may, in some rare instances, be admissible on the issue of bad faith, such evidence will generally

be inadmissible as it lacks probative value and carries a high risk of prejudice." *Id*. at 341 (*citing* Fed. R. Evid. 401, 403).

Plaintiffs have made no showing as to how the Defendants' litigation conduct is relevant in this case; however, they have already attempted to introduce evidence of Defendants' litigation conduct as a method of supporting their bad faith claims. The report of their bad faith expert states, "Defendant's bad faith has continued into the litigation" and proceeds to discuss various examples of how Defendants' litigation conduct supposedly serves to bolster Plaintiffs' bad faith claims. *See* Expert Report of William Freas, attached hereto as Exhibit A, at 10. For example, Mr. Freas opines on how the Defendants' filing of Motions to Dismiss and handling of certain discovery matters during the litigation process constitute evidence of bad faith. *Id.*

Tenth Circuit law makes clear that litigation conduct should not be permitted to serve as evidence of bad faith. *Timberlake*, 71 F.3d at 341; *Int'l Surplus Lines*, 850 F. Supp. at 1529. Allowing legitimate litigation conduct to serve as evidence of bad faith would place insurer's counsel "in an untenable position." *Timberlake*, 71 F.3d at 341. Rather, "[w]here improper litigation conduct is at issue, generally the Federal Rules of Civil Procedures provide adequate means of redress, such as motions to strike, compel discovery, secure protective orders, or impose sanctions." *Id.* (citations omitted). As such, Plaintiffs should be prohibited from introducing evidence, eliciting testimony, or making objections and arguments regarding Defendants' litigation conduct as a means to support their bad faith claims.

## CONCLUSION

**WHEREFORE,** Defendants pray that this Court enter its Order in Limine prohibiting the Plaintiffs from attempting to introduce evidence, elicit testimony or make objections or arguments based upon mention of or reference to Defendants' litigation conduct as a way to

4

support Plaintiffs' bad faith claims, and for such other or further relief as the Court may deem appropriate in the premises.

Respectfully submitted this 17th day of January, 2017.

                                                      Liberty Mutual Insurance Company and
Peerless Indemnity Insurance Company

  */s/  John A. Coppede*
John A. Coppede (#5-2485)
O'Kelley H. Pearson (#6-4232)
Quinton L. Parham (#7-5699)
HICKEY & EVANS, LLP
1800 Carey Avenue, Ste. 700
P.O. Box 467
Cheyenne, WY  82003
Ph:  (307) 634-1525
Fx:  (307) 638-7335
jcoppede@hickeyevans.com
kpearson@hickeyevans.com
qparham@hickeyevans.com
Joel M. Vincent, Esq. (5-1724)
HICKEY & EVANS, LLP
1900 West Sunset Dr., Ste. B
Riverton, WY  82501
Ph: (307)-856-1965
joelvincen@wyoming.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2017, I electronically filed **DEFENDANTS' MOTION IN LIMINE REGARDING DEFENDANTS' LITIGATION CONDUCT AS EVIDENCE OF BAD FAITH** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Scott J. Olheiser – scott@iolawpc.com
> Robert T. Ingram
> Ingram Olheiser
> 130 N. Ash St.; Suite 200
> Casper, WY  82601
>
> T. Thomas Metier  - tom@metierlaw.com
> Michael Chaloupka – mike@metierlaw.com
> Galen Trine-McMahan – galen@metierlaw.com
> Phillip Chupik - phil@metierlaw.com
> Metier Law Firm
> 4828 S. College Ave.
> Fort Collins, CO  80525

>  */s/  John A. Coppede*
> John A. Coppede (#5-2485)
> Hickey & Evans, LLP

6